UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE SANCHEZ-PINA,

               Petitioner,

               v.

JAMES JANECKA, Warden of
Adelanto Detention Center, et al.,

               Respondents.

Case No. 5:26-cv-01791-DTB

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

**I.**

**PROCEDURAL HISTORY**

On April 10, 2026, petitioner Jose Sanchez-Pina ("Petitioner"), represented by counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), with attached exhibits (Docket No. 1-1).

The Petition alleges the following claims for habeas relief:  (1) Petitioner's detention violates his Fifth Amendment right to procedural due process; (2) Petitioner's detention is in excess of statutory authority under 8 U.S.C. § 1226(a); and (3) Petitioner's detention followed a warrantless arrest that violated his rights

1

under the Fourth Amendment.  (Petition at 9-13).[1]  The Petition seeks, among other things, Petitioner's immediate release from custody and alternatively, a constitutionally adequate bond hearing.  (Id. at 27-28).

Attached to the Petition is a Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("Motion") which was filed on April 13, 2026.  (Docket No. 6).

On April 13, 2026, the Court denied the Motion, in light of General Order 26-05 (Docket No. 4), and ordered that Petitioner not be removed from this District pending resolution of this case, or unless the Court ordered otherwise.  (Docket No. 7).

On April 10, 2026, Respondents filed an Answer to the Petition, stating that: "The Respondents are not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."  (Docket No. 10).

On April 21, 2026, Petitioner filed a Reply.  (Docket No. 11).

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND[2]

Petitioner is a native and citizen of Mexico.  (Petition at 3 (¶ 11), 5 (¶ 12)).  Since March 2004, Petitioner has lived continuously in California.  (Id. at 6 (¶ 16)).  Since 2004, Petitioner has been continuously employed, and has worked as a welder

---

[1]    For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

[2]    The Background is based on allegations in the Petition and exhibits attached to the Petition.

at Precision Wire Products, Inc. since April 24, 2023.  (Id. at 5 (¶ 14); Docket No. 1-1 at 6).  On June 15, 2020, Petitioner's daughter (who is now 25 years-old) submitted a Petition for Nonimmigrant Status (on which Petitioner is the named beneficiary), which is pending.  (Petition at 5 (¶ 13); Docket No. 1-1 at 2-4, 11).  Petitioner has a 14-year old son, a United States citizen, who presently does not have a caretaker since his mother died on May 3, 2015.  (Petition at 5 (¶ 15); Docket No. 1-1 at 8-10).

On or about January 22, 2026, Petitioner was walking down the street in or near Commerce, California, when he was apprehended by immigration authorities.  (Petition at 6 (¶ 17)).  According to Department of Homeland Security ("DHS") records, a Border Patrol agent encountered Petitioner on a public street and subjected Petitioner to an immigration inspection.  (Id. (¶ 18)).  During that encounter, Petitioner declined to answer certain questions and subsequently was detained for further processing by immigration authorities.  (Id. (¶ 19)).  On January 22, 2026, DHS issued Petitioner a Notice to Appear, alleging that Petitioner was a native and citizen of Mexico who entered the United States at or near an unknown place on or about an unknown date and who had not been admitted or paroled after inspection by an immigration officer, charging that Petitioner was subject to removal from the United States for violating 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), and ordering Petitioner to appear before an immigration judge in Adelanto, California on March 26, 2026; Petitioner refused to sign the Certificate of Service.  (Docket No. 1-1 at 13-14; Petition at 6 (¶¶ 20-23)).

Subsequently, Petitioner was placed in immigration detention.  (Petition at 6 (¶ 24)).  While in custody, Petitioner sought a custody redetermination before an immigration judge pursuant to 8 C.F.R. § 1236.1.  (Id. (¶ 25)).  On February 27, 2026, Petitioner had a bond hearing before an immigration judge.  (Id. (¶ 26)).  On

the same date, the immigration judge denied Petitioner's request for a change of custody status, finding that Petitioner "failed to meet his burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate it" ("Order").  (Docket No. 1-1 at 16-17; Petition at 7 (¶¶ 27-28)).  In the Order, the immigration judge stated that the burden of proof was on Petitioner and that Petitioner verbally conceded that he had the burden in an INA § 236(a) bond hearing.  (Docket No. 1-1 at 16; Petition at 7 (¶ 29) ["The Immigration Judge placed the burden of proof on Petitioner to establish that he was not a danger to the community and not a flight risk."]).

Petitioner is being detained at the Adelanto Detention Facility in Adelanto, California.  (Petition at 6-7 (¶¶ 24, 30)).

### III.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)

4

(federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

**IV.**

**DISCUSSION**

**A.      Petitioner's First Claim Warrants Habeas Relief.**

Given Respondents' election not to oppose the Petition, the Court finds that Respondents consent to the arguments raised in the Petition pursuant to Central District of California Local Civil Rule ("Local Rule") 7-12.  Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.

The first claim alleges that Petitioner's detention violated his right to procedural due process under the Fifth Amendment.  (Petition at 9-10).  The Court construes that claim as raising, in part, that Petitioner's Fifth Amendment right to procedural due process was violated because the immigration judge, in denying Petitioner bond, improperly placed the burden on Petitioner to establish that he was not a flight risk and was not a danger to the community.

1.      Procedural Due Process.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V  All persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," are entitled to protection under this provision of the Constitution. Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." Id. at 690; see also United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

5

Generally, the Due Process Clause "requires some kind of a hearing *before* the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) (citation and internal quotation marks omitted). To determine whether detention violates procedural due process, courts frequently apply the three-factor test in Mathews v. Eldride, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-14 (9th Cir. 2022) (applying Mathews to a due process challenge to detention based on the lack of a bond hearing for a detainee under 8 U.S.C. § 1226(a), and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention"). In Mathews, the Supreme Court established three factors for a court to consider: (1) "[T]he private interest that will be affected by the official action"; (2) "the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

2.    Analysis.

Although not mentioned by Petitioner or Respondents, Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), and

6

amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Bautista"). The members of the certified Bond Eligible Class are: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." Bautista, 813 F. Supp. 3d at 1077-78.

On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista, 813 F. Supp. 3d at 1084. Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act. Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal." Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (citation omitted). "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the Bautista court's December 18, 2025 class certification

7

order and final judgment is stayed pending appeal, insofar as they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal." Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted). Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Id.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted). As parties to Bautista, Respondents are obligated to comply. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

Based on Petitioner's allegations (which Respondents do not oppose) and an exhibit attached to the Petition, Petitioner entered the United States without inspection and was not apprehended upon arrival. (See Docket No. 1-1 at 13-14; Petition at 6 (¶¶ 20-22)). Moreover, there is no suggestion Petitioner is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. Consequently, pursuant to Bautista's declaratory judgment, Petitioner is being detained under 8 U.S.C. 1226(a), and is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is entitled to an individualized bond hearing. See Castro, 2016 WL 1104766, at *3; Inzuna v. Warden of Adelanto Facility, 814 F. Supp. 3d 1091 (C.D. 2026) ("Because Petitioner's Habeas Petition alleges fact that place her squarely within the definition of the Bond Eligible Class, the Court is compelled to find that she is entitled to the

8

relief she has requested as well as what is guaranteed by Bautista's final judgment."); Guzman v. Warden, Case No. 5:26-cv-00607-DFM, 2026 WL 922273, at *4 (C.D. Cal. Mar. 26, 2026) ("Petitioner, a 'Bond Eligible Class' member, is entitled to the relief provided in the Bautista final judgment and the procedural protections that § 1226(a) provides, including a bond hearing.").

When Petitioner received a bond hearing on February 27, 2026, the immigration judge denied Petitioner bond based on Petitioner's failure to meet his burden to establish he is not a flight risk. (Docket No. 1 at 16; Petition at 7 (¶¶ 27-28)). Since at a bond hearing for a detainee under 8 U.S.C. § 1226(a) the burden is on the government to show that a detainee is a flight risk or danger to the community, see Gallardo v. Warden, Adelanto Detention Facility, Case No. 5:26-cv-00485-SSS-BFM, 2026 WL 483207, at *2 (C.D. Cal. Feb. 20, 2026) ("It is well-established in the Ninth Circuit that the Government bears the burden of showing by clear and convincing evidence whether [the petitioner] poses a flight risk or danger to the public) (citing to Rodriguez Diaz v. Garland, 53 F.4th 1189, 1200 (9th Cir. 2022)); but see Geler v. Blanche, Case No. 2:26-cv-00481-LK, 2026 WL 1251660, at *7 (W.D. Wash. May 7, 2026) (noting that federal courts are split on the burden of proof at a bond hearing and that "the Ninth Circuit has not provided an answer directly on point"), and since Petitioner contends that the immigration judge at the bond hearing improperly placed the burden on Petitioner to demonstrate that he was not a flight risk and was not a danger to the community (Petition at 10 (¶¶ 46-47)) – a contention which Respondents do not dispute – the Court finds that Petitioner did not receive adequate process at his bond hearing.

/ / /

/ / /

/ / /

Accordingly, Petitioner is entitled to habeas relief on his procedural due process claim.[3]

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner from custody, and return all property confiscated from him during his arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from redetaining Petitioner without notice and a predetention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: May 7, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[3]    The Court's determination that Petitioner is entitled to habeas relief on the first claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.

10